UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

Judge David R. Herndon

*Susan Galinis, et al. v. Bayer Corporation, et al.* No. 3:09-cv-20079-DRH-PMF

**HERNDON, District Judge:**

## ORDER

## INTRODUCTION

This matter is before the Court on the plaintiffs' motion to compel Bayer to produce witnesses for deposition and to respond to discovery (Doc. 24, Doc. 25). Specifically, plaintiffs seek to compel the depositions of Bayer's employees under Federal Rule of Civil Procedure 30(b)(6) regarding Bayer's communication with Mrs. Galinis' treating healthcare organization. Plaintiffs also seek to compel responses to their Requests for Admissions (Sets 1-3) and Special Interrogatory No. 5, or, in the alternative, to have the matters in the requests for admissions deemed admitted. If the requested discovery is found not to be case-specific and is therefore denied in accord with CMO 83, plaintiffs seek leave to conduct the discovery. Based on the record and on the limitations established under CMO 83, the Court **ORDERS** as follows:

1

## BACKGROUND

### A. The Instant Action

The plaintiff, Susan Galinis, was prescribed, dispensed and ingested Yasmin in April 2008 for the off-label treatment of her endometriosis. The prescribing physician was Mary Co-Asino M.D., a Kaiser Permanente Fremont doctor. Shortly thereafter, Mrs. Galinis suffered an acute stroke, requiring surgical intervention and removal of a portion of her skull to accommodate severe swelling. Mrs. Galinis was a patient of Kaiser Permanente, an integrated managed care consortium. Kaiser Permanente does not permit pharmaceutical companies to make direct contact with its physicians. Mrs. Galinis contends (1) Bayer strategically marketed Yasmin to Kaiser Permanente with intentions of reaching Kaiser physicians; (2) Bayer's marketing of Yasmin to Kaiser included several off-label uses; and (3) this Kaiser Permanente-specific marketing strategy goes directly to her claims pertaining to causation and the overpromotion of Yasmin for off-label use.

### B. Prior Discovery and CMO 83

This multidistrict litigation was created in the fall of 2009. The litigation quickly ballooned to include thousands of cases. At its height, this multidistrict litigation included nearly 12,000 files with multiple plaintiffs per file and was declared the largest multidistrict litigation in the nation. By February 2015, after more than five years of litigation, thousands of cases had been resolved, reducing

the number of pending files from nearly 12,000 to approximately 3,400 (MDL 2100 Doc. 3634 p. 1).

On February 13, 2015, the Court entered CMO 70 announcing the Court's plan for addressing the remaining unresolved cases (MDL 2100 Doc. 3634). CMO 70 provided that generic fact discovery would close in April 2015. *Id.* When generic fact discovery drew to a close in April 2015, Bayer had produced more than 120 million pages of documents and Bayer witnesses had sat for 170 days of deposition testimony. This exhaustive discovery included production of documents and witnesses addressing Bayer's preclinical, clinical, and post-marketing development programs for Yasmin and YAZ; regulatory matters related to Yasmin and YAZ; Bayer's sales and marketing of Yasmin and YAZ; and Bayer's drug safety programs and adverse event reporting related to Yasmin and YAZ.

On August 3, 2015, the parties announced a settlement program for arterial thromboembolism ("ATE") (MDL 2100 Doc. 3786). Plaintiffs who elected not to participate in or who were not eligible to participate in the ATE settlement program were subject to CMOs 78 or 79 and, eventually, non-participating plaintiffs with unresolved actions became subject to CMO 83. CMO 83 was entered with the purpose of establishing a schedule for the efficient progress of remaining cases that would be prepared for trial. CMO 83 allowed for certain case-specific fact discovery. However, in light of the extensive generic discovery that had already taken place, CMO 83 limited additional discovery efforts to the case-specific discovery identified in CMO 83, absent prior leave of court.

## ANALYSIS

### A. Rule 30(b)(6) Deposition Notice

Plaintiffs seek an order compelling deposition testimony from Bayer on ten topics related to its sales and marketing practice specific to Kaiser Permanente Fremont (Doc. 27-1). The Court finds that the subject Rule 30(b)(6) topics duplicate previous depositions. As outlined in Bayer's briefing, California plaintiffs' counsel previously deposed Kevin Kramer, the former Kaiser account director.[1] Mr. Kramer was deposed for two days in 2011 regarding the same topics that are the subject of the present Rule 30(b)(6) deposition notice. The minor issues raised by the plaintiffs regarding Mr. Kramer's deposition testimony do not warrant another deposition on the same topics. The plaintiffs' deposition topics were also covered during the 30(b)(6) deposition of Bayer employee Rusty Thomas for a full day in 2010 (in addition to three days of individual testimony). Finally, the plaintiffs recently served a subpoena on a former Bayer employee who worked on the Kaiser account (Doc. 27-7).

Considering the prior testimony already available to the plaintiffs' and the upcoming deposition of the former Bayer employee who worked on the Kaiser account, the Court finds that another deposition on the disputed topics would be cumulative.

**Accordingly, the Court will deny the plaintiffs' motion to compel the deposition of a 30(b)(6) designee regarding these topics**.

---

[1] Mr. Kramer testified that he was "responsible as a single point of contact for management of the entire account." Doc. 27 p. 5.

B. **Requests for Admission**

Plaintiffs served 74 requests for admission on Bayer. The Court has reviewed each request and finds as follows:

*Requests 1 through 61*

The Court finds that requests 1 through 61 cover generic topics. Consider the following examples, taken from requests 1 through 61:

- Yasmin is not indicated for treatment of premenstrual syndrome, premenstrual dysphoric disorder, acne or weight gain.

- The FDA required BAYER to report all SERIOUS ADVERSE EVENTs while the NDA review was underway.

- By 2004 BAYER knew that Yasmin was associated with an increased thromboembolic risk.

- In 2008 BAYER failed to disclose to physicians data BAYER knew from of the Lidegaard manuscript about Yasmin's increased venous thromboembolic risk.

- Yasmin is the first oral contraceptive with drospirenone ("DRSP") approved by the FDA.

The Court agrees with Bayer, the above examples and the other requests in this group cover quintessentially generic topics. The plaintiffs had an opportunity to pursue these topics earlier in this litigation. Moreover, these topics were the subjective of exhaustive discovery prior to the close of generic fact discovery. Accordingly, these requests are duplicative, untimely and outside the scope of the case-specific discovery permitted by CMO 83.

The motion to compel answers to requests 1 through 61 is **DENIED.**

*Requests 62 and 67*

Although these requests appear to relate to Kaiser, they are generic questions of law. Moreover, these requests are improper as they go to ultimate issues in the case and seek legal conclusions. Requests to admit may not be used to establish legal conclusions. *See Abdulqader v. United States,* 596 Fed.Appx. 515, 516 (7th Cir. March 20, 2015) (" Rule 36 does not encompass demands...for legal conclusions."); *Perez v. Miami-Dade County,* 297 F.3d 1255, 1260 n. 12 (11th Cir. 2002) (requests for admissions that improperly call for a legal conclusion were properly stricken).

Accordingly, the motion to compel as to requests 62 and 67 is **DENIED.**

*Requests 63 through 66, 68, 69, 72, and 73*

Requests 63 through 66, 68, 69, 72, and 73 are case-specific discovery permitted as provided for in CMO 83. These requests address (1) Bayer's duties as they relate to Kaiser, (2) representations, marketing, promotions, and/or claims Bayer directed to Kaiser and/or Kaiser physicians, and (3) warnings/disclosures that Bayer did or not give to give to Kaiser and Kaiser physicians. These requests cover case-specific topics that relate to Mrs. Galinis' contention that Bayer overpromoted and marketed Yasmin to Kaiser Permanente.

Accordingly, the plaintiff's motion to compel answers to these requests is **GRANTED**.

Requests 70, 71 and 74

Requests 70 and 71 address warnings given (or not given) to Mrs. Galinis' prescribing physician. Request 74 addresses causation in relation to Mrs. Galinis' stroke. These requests are clearly case-specific and Bayer admits as much (Doc. 27 p. 10). However, as argued by Bayer, each of these requests seeks an answer to an ultimate question in the case – the specific causation of Mrs. Galini's stroke. Those answers depend on discovery that is not yet complete.

Accordingly, the motion to compel answers to requests 70, 71 and 74 is **GRANTED.** However, Bayer need not provide its answers until after the close of expert discovery.

*Interrogatory Number 5*

For all answers except unqualified admissions, plaintiffs served an interrogatory requesting "all facts upon which you base your response," "the names, addresses, and telephone numbers of all persons who have knowledge of those facts," and "all documents and other tangible things that support your response." (Doc. 27-9, plaintiffs' interrogatory Number 5, June 28, 2016). Bayer contends that answering this interrogatory would put an enormous burden on Bayer. Bayer argues that many of the plaintiffs' requests include patently false scientific statements or factual claims and that answering the associated interrogatory would require pages upon pages of explanation and laborious investigation of all of the documents and knowledgeable witnesses (Doc. 27 p. 8).

7

The Court agrees with Bayer. This interrogatory is unduly burdensome and is breathtaking in its scope such that it invades the generic discovery that was accomplished and virtually requires the defendant to detail its entire defense in answering a single interrogatory. Accordingly, the motion to compel, as to this interrogatory, is **DENIED.**

## CONCLUSION

- The Court **DENIES** the motion to compel as to the Rule 30(b)(6) deposition notice.

- The Court **DENIES** the motion to compel as to requests 1 through 61.

- The Court **DENIES** the motion to compel as to requests 62 and 67.

- The Court **GRANTS** the motion to compel as to requests 63 through 66, 68, 69, 72 and 73.

- The Court **GRANTS** the motion to compel as to requests 70, 71 and 74. However, as to these requests, Bayer need not provide its answers until after the close of expert discovery.

- The Court **DENIES** the motion to compel as to interrogatory number 5.

**IT IS SO ORDERED.**

**Signed this 29th day of September, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.09.29 13:36:56 -05'00'

**United States District Judge**