UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

-----------------------------------------------------------

| | |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

-----------------------------------------------------------

**This Document Relates To:**

*Susan Galinis, et al. v. Bayer Corporation, et al.*
No. 3:09-cv-20079-DRH-PMF

## ORDER

**HERNDON**, **District Judge:**

This matter is before the Court on Bayer's Motion to Compel Expert Discovery, specifically the draft expert reports of Plaintiff's experts, Drs. Barchuk, Martinovsky, and Osterweil. These reports were provided to Carol Hyland, a life care planning expert, and used in forming her opinions on the case (Doc. 51). Defendant Bayer additionally requests the right to take a short additional deposition of Ms. Hyland, and other experts if applicable. Plaintiff has responded in opposition, alleging the draft reports are protected under Federal Rule of Civil Procedure 26, unless the requesting party shows a "substantial need" for the materials (Doc. 52). Plaintiff claims Bayer has no substantial need for the draft reports because Ms. Hyland did not rely on them in forming her case opinions. Based on the record and the following, the motion is **DENIED**.

## FACTUAL BACKGROUND

On February 10, 2017, Bayer took the deposition of plaintiff's expert, Carol Hyland. Ms. Hyland's opinions were based on the future care recommendations made by Plaintiff Galinis' other experts as a result of a stroke she suffered subsequent to taking Yasmin. Ms. Hyland reviewed the future care recommendations made in the expert reports of Drs. Barchuk, Martinovsky, and Osterweil and subsequently made opinions on the costs of each treatment recommendation made.

Throughout the course of Ms. Hyland's testimony, it became apparent that in forming her cost opinions, instead of relying on Dr. Osterweil's final report, Ms. Hyland inadvertently relied on a draft report of Dr. Osterweil dated December 5, 2016. Because of this, plaintiffs' counsel provided Bayer with the draft report. Bayer then requested all draft reports of plaintiffs' experts. Plaintiffs' counsel denied the request because Ms. Hyland had not relied on any other drafts in forming her cost opinions. The pending motion and response stem from whether the draft expert reports are discoverable.

## DISCUSSION

All parties agree that if Ms. Hyland relied on a draft report of any of the medical providers, then plaintiff would have to disclose the reports pursuant to Fed. R. Civ. P. 26 (b)(4)(C). Accordingly, when it was discovered that Ms. Hyland inadvertently relied solely on a draft report of Dr. Osterweil, not the final report, plaintiffs' counsel disclosed such to defendants. However, Ms. Hyland does not state in her deposition that she relied on any other draft reports in forming her

opinions. While draft reports of the other experts were in Ms. Hyland's possession, it was the final reports in which she relied on in forming her opinions. *See* Affidavit of Carol Hyland ("My opinion is necessarily dependent on the *final* recommendations by Ms. Galinis's other experts . . . There is nothing in the draft reports of Drs. Barchuk and Martinovsky that I relied upon for my final opinion that was not in the final reports.").

Ms. Hyland was provided the draft reports of the medical provider experts for purposes of providing background information and to give Ms. Hyland a sense of what type of future care Plaintiff Galinis would need. However, because Ms. Hyland based her opinions solely on the *cost* of said treatment and care, it is only what is in the other experts' final recommendations that are important and what were used in forming her opinions. As plaintiff argues, and as confirmed in Ms. Hyland's affidavit, if one of the other experts' treating recommendations changed, Ms. Hyland's opinions correspondingly changed with it. *See e.g.* Hyland Aff. ("For example, if one of the experts had included a certain course of future treatment for Ms. Galinis in a draft report, even if I initially costed that course of treatment based on that draft report, if the recommending expert decided that the course of treatment was not appropriate and takes it out of their final report, I would also take out the costs of that course of treatment for my final opinion.").

Consequently, this Court finds that the draft reports of Plaintiff Galinis' medical provider experts have no bearing on Ms. Hyland's final opinions; only the final expert reports bear a relation to Ms. Hyland's opinions on future care costs.

Thus, the Court **DENIES** Bayer's Motion to Compel Expert Discovery (Doc 51). Plaintiff Galinis does not have to provide any draft expert reports of Drs. Barchuk, Martinovsky, and Osterweil to defendants.  Accordingly, Bayer's request to take additional depositions of the experts is also **DENIED.**

**IT IS SO ORDERED.**

**Signed this 6th day of March, 2016.**

Digitally signed by
Judge David R.
Herndon
Date: 2017.03.06
10:02:44 -06'00'

**United States District Judge**